FILED'06 APR 14 08:10 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 97-cr-60012-1-HO |
| Plaintiff, | ORDER |
| v. | |
| WANE NEAL JENKINS, | |
| Defendant. | |

Defendant was convicted of conspiracy to manufacture and distribute, manufacture, and possession with intent to distribute methamphetamine, and of unlawful possession of a firearm by a convicted felon (FIP). This court sentenced defendant to concurrent 360-month terms of imprisonment on the conspiracy, manufacture and possession counts, and to a concurrent 120-month term on the FIP count. Defendant filed a motion to vacate, modify or correct his federal sentence pursuant to 28 U.S.C. § 2255.

## Discussion

Defendant argues that his trial attorney provided ineffective assistance by failing to move for dismissal based on two violations of the Speedy Trial Act (STA), and failing to object to the admission of a co-defendant's pre-trial confession implicating defendant.  Defendant further argues that the court violated his rights under the Confrontation Clause by admitting the grand jury testimony of Kathy Ramirez, and that his sentence results from judicial fact-finding under the preponderance of the evidence standard in violation of his Sixth Amendment rights.

The parties agree that defendant filed his motion outside the limitations period.  Determining whether the limitations period should be tolled would require an evidentiary hearing in order to test defendant's contention that he timely mailed a Section 2255 motion.  On the merits, defendant is not entitled to relief for the reasons discussed below.  An evidentiary hearing is unnecessary.

Defendant first contends that trial counsel should have moved for dismissal of the conspiracy charge of the second superseding indictment because the government failed to file the charge within 30 days of the date defendant was arrested in connection with the charge as required by the STA, 18 U.S.C. § 3162(b).  Defendant was arrested on January 7, 1997 pursuant to a warrant issued based on a criminal complaint.  The government filed the second superseding indictment on October 17, 1997.

Conspiracy is not charged on the face of the criminal complaint. See Def's Ex. 20. "Charges not included in the original complaint are not covered by the Act[.]" United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984). Defendant's argument requires searching the supporting affidavit for "charges" not alleged on the face of the complaint, even though the affidavit is incorporated only to provide a factual basis for the enumerated charges. Id. The effect of such an exercise would be to set a time table within which charges must be brought and arrests made. The Ninth Circuit rejects this construction of Section 3162(a)(1) of Title 18. United States v. Pollack, 726 F.2d 1456, 1463 n.11 (9th Cir. 1984).

Defendant next asserts that trial counsel should have moved for dismissal of the second superseding indictment because the original indictment was not timely filed according to time limits set forth in the STA. The STA requires dismissal of charges alleged in the complaint if the government does not file an information or indictment within the time limit required by Section 3161(b). 18 U.S.C. § 3162(a)(1). Only a "federal arrest" triggers the running of this time period unless the state detention is merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the STA. United States v. Benitez, 34 F.3d 1489, 1493-94 (9th Cir. 1994). Defendant was arrested on state charges on November 10, 1996. Def'S Exs. 10,

3 - ORDER

23. Counsel for the government filed the original indictment on January 15, 1997.

Defendant maintains that a state conspiracy prosecution was a ruse to hold him until the filing of the federal indictment beyond the time limit imposed by the STA. In support of this contention, defendant points to (1) a newspaper article dated November 12, 1996 wherein the Klamath County District Attorney is reported to have said he would seek federal prosecution of several individuals arrested as a result of a joint federal and state investigation (Def's Ex. 13), (2) a transcript of a state court bail hearing held December 10, 1996, evincing that the District Attorney stated,

> I think we're only going to have to deal with [co-defendant Edward] Triplett for about another three or four days. This goes to the federal grand jury tomorrow and hopefully by the end of the week he will no longer be in the local system."

(Def's Ex. 17), and (3) a transcript of federal grand jury proceedings held December 11, 1996 evincing that the federal prosecutor stated that the government would "seek the return of indictments next month . . ." (Def's Ex. 18).

Evidence that state prosecutors wanted federal authorities to prosecute defendant does not demonstrate that the state charges were a ruse to enable federal authorities to avoid the requirements of the STA. After defendant was arrested on the state charges, the federal prosecutor was free to determine

4 - ORDER

whether and when to charge defendant and seek indictment within applicable limitations periods, subject to the requirements of the STA. Because there was no STA violation, trial counsel was not ineffective for not filing a motion to dismiss on that basis.

The parties agree that admission of pre-trial statements of co-defendant Fredman, who did not testify, was erroneous. Counsel's failure to prevent admission of this evidence did not prejudice defendant within the meaning of Strickland v. Washington, 466 U.S. 668 (1984), however. Defendant complains that law enforcement witnesses testified as to Fredman's statements describing the inner workings of the methamphetamine conspiracy allegedly run by defendant in Klamath Falls, Oregon. Fredman's statements were cumulative of the trial testimony of Cynthia Herndon and Kathy Ramirez, who described the conspiracy and defendant's role at greater length and in greater detail. These witnesses specifically mentioned defendant, whereas Fredman did not. Although Herndon was exhaustively cross-examined, her basic testimony was not shaken. United States v. Ramirez, 44 Fed. Appx. 80, 83 (9th Cir. 2002). Considering the testimony of Herndon and Ramirez and other witnesses, and the overwhelming physical and documentary evidence of the objects of the conspiracy (see Gov't ex. H at 7-12 (citations to record)), admission of Fredman's statements was harmless.

Kathy Ramirez was not an unavailable witness, at least with

5 - ORDER

respect to this defendant.  Admission of her grand jury testimony therefore did not violate defendant's rights under the Confrontation Clause.  See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).

Defendant is correct that his concurrent, 360-month sentences for conspiracy, manufacturing and possession of methamphetamine with intent to distribute exceed statutory maximums and are based on drug quantities determined by a judge under the preponderance of the evidence standard.  This error is harmless, however, owing to the stacking provisions of U.S.S.G. § 5G1.2(d).  Ramirez, 44 Fed. Appx. at 85 (citing to United States v. Buckland, 289 F.3d 558, 570 (9th Cir. 2002)).

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence [#546] is denied; defendant's motion to vacate, set aside or correct sentence [#499] is denied as moot.

IT IS SO ORDERED.

DATED this ___14th___ day of April, 2006.

*(signature)*
United States District Judge